IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEINYATEY CHAMBERS,            )<br>                               )<br>            Plaintiff,       )<br>                               )<br>     v.                        )<br>                               )<br>DOLLAR FINANCIAL GROUP a/k/a MONEY )<br>MART                           )<br>                               )<br>            Defendant.         )<br>_____) | 2:09-cv-01587-GEB-JFM<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION TO REINSTATE CASE* |

On January 5, 2010, Plaintiff filed a "Motion to Reinstate Case." (Docket No. 23.)  Defendant opposes the motion, arguing Plaintiff's motion is unsupported, untimely and Plaintiff erroneously argues that his claims cannot be submitted to arbitration in accordance with the terms of the governing arbitration provision.

An order issued in this case on October 17, 2009, granting Defendant's unopposed motion to compel arbitration.  The court concluded in that order that Plaintiff's claims alleged under the Fair Debt Collection Practices Act and California's Rosenthal Act were covered by the arbitration provision included in the written loan agreement executed by Plaintiff and Defendant on December 27, 2008.  Therefore, Plaintiff's claims were dismissed and this case was closed.

---

\* This matter is deemed suitable for decision without oral argument.  E.D. Cal. R. 78-230(h).

1

1            Plaintiff argues in his pending motion, that his claims
2    against Defendant should be "reinstated" since Defendant's "chosen
3    arbitration forum, the National Arbitration Forum ("NAF"), issued a
4    letter upon [Plaintiff's] filing [of a claim, stating] that it no
5    longer accepts consumer claims for arbitration."  (Mot. to Reinstate ¶
6    5.)  Plaintiff contends since "Defendant's chosen forum, the [NAF],
7    cannot hear Plaintiff's claim due to NAF's inability to hear the type
8    of claim brought by Plaintiff, Defendant waived its right to compel
9    binding arbitration of Plaintiff's cause of action."  (Id. ¶ 10.)
10   Defendant counters that when Plaintiff failed to oppose its motion to
11   compel arbitration before this case was dismissed, Plaintiff waived
12   any right to object to arbitration; and further, Plaintiff has
13   provided no reason why his claims cannot be arbitrated under the terms
14   of the arbitration provision in the loan agreement.
15           Plaintiff's motion is unsupported by authority, and has not
16   been shown to be timely.  Further, Plaintiff has not demonstrated that
17   compliance with the arbitration provision in the parties' loan
18   agreement is not possible.  Nor has Plaintiff shown that his claims
19   must be arbitrated by the NAF.  The arbitration clause states that
20   "[t]he arbitration hearing will be conducted in the county of
21   [Plaintiff's] residence, or within 30 miles from such county, or in
22   the county in which [Plaintiff's] loan transaction occurred."  (Nguyen
23   Decl., Ex. A.)   The arbitration clause further provides that "any
24   dispute shall be resolved by arbitration in accordance with the rules
25   and procedures . . . of [the NAF] . . . applicable to consumer
26   disputes" and the "arbitrator shall apply applicable substantive law
27   consistent with the Federal Arbitration Act . . . ."  (Id.)
28   Therefore, the arbitration clause reveals that even though arbitration

is to be conducted in compliance with the NAF's rules and procedures, it need not be conducted by the NAF. Plaintiff, therefore, has not demonstrated that this court is a proper forum for his claims against Defendant. Accordingly, Plaintiff's motion to reinstate his claims is denied.

Dated: February 2, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge